QUESTION: May the combined total property tax exempt value exceed ten thousand dollars for basic and additional homestead under s.196.031, F.S., together with the five hundred dollar war service disability exemption under s. 196.24, F.S.?
SUMMARY: The combined total property tax exempt value may not exceed ten thousand dollars for basic and additional homestead under s. 196.031, F.S., together with the five hundred dollar war service disability exemption under s. 196.24, F.S. Your question is answered in the negative. Previous opinions, to which you refer, have set out the constitutional and statutory basis for both homestead and personal exemptions, concluding that prior to 1974 the homestead exemptions, five thousand dollars basic and a limited additional five thousand dollar exemption for the aged, could be granted cumulatively and separately along with the five hundred dollar property exemptions for the totally disabled, blind, and widows under s. 196.202, F.S., or the 10 percent war disability exemption of five hundred dollars under s. 196.24, F. S. Attorney General Opinions 074-82, 073-325, and 072- 151. Under Ch. 74-264, Laws of Florida, the legislature has now provided by specific limitation of the homestead statute, s. 196.031, F.S., at the time that the additional homestead exemption was extended to totally and permanently disabled persons as well as the aged, as follows: "In no event shall the combined exemptions of s.196.202 and this section [s. 196.031] exceed ten thousand dollars ($10,000)." Although this provision does not expressly refer to s.196.24, I would conclude that its reference to exemptions under s.196.202 necessarily includes the disability exemption defined by s. 196.24, for the same reasons stated in AGO 074-82. The two statutory provisions are: 196.202 Property of widows, blind persons, and persons totally and permanently disabled. — Property to the value of five hundred dollars of every widow, blind person, or totally and permanently disabled person who is a bona fide resident of this state shall be exempt from taxation. 196.24
Evidence of disability of ex-servicemen; exemption. — Any ex-serviceman, a bona fide resident of the state, who has been disabled to a degree of ten per cent or more in war service between the dates of April 6, 1917, and July 2, 1921; December 7, 1941, and September 2, 1945; June 25, 1950, and February 1, 1955; August 4, 1964, to the date of cessation of hostilities as determined by the United States government, or by misfortune, shall be entitled to the exemption from taxation provided for in s. 3(b), Art. VII of the constitution, and the production by him of a certificate of disability from the United States government before the tax assessor of the county wherein his property lies shall be prima facie evidence of the fact that he is entitled to such exemption. Section 196.24 is entitled "Evidence of disability" and purports to implement the same constitutional provisions as does s. 196.202, which restates the minimum five hundred dollar constitutional exemption for certain classes of persons. Article VII, s. 3(b), State Const. Section 196.24
therefore defines an exemption for veterans disabled 10 percent or more during war service, in place of the requirement of total and permanent disability under s. 196.202. (Cf. constitutional issues considered in AGO 069-132.) Thus, by claiming exemption under s.196.24, a taxpayer would simply qualify, by means of separate standards or tests, for the disability exemption stated in s.196.202. The legal effect of the ten thousand dollar maximum homestead and personal exemption provision above quoted is to restrict the amount of additional homestead exemption for the aged and disabled to that amount which, together with the applicant's personal exemptions and basic five thousand dollar homestead exemption, will not exceed ten thousand dollars. Potential arguments as to the propriety of such a variable scale for additional homestead exemption under Art. VII, s. 6(c), State Const., are not, of course, within the scope of your inquiry or my ordinary statutory construction functions.